IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN L. OWENS, | ) | No. C 12-2017 RMW (PR) |
| Petitioner, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| RANDY GROUNDS, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the California Board of Parole Hearings' ("Board") finding that petitioner was unsuitable for parole. Petitioner has paid the filing fee. For the reasons stated below, the court DISMISSES the petition for failure to state a cognizable claim for relief.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the

Order of Dismissal
G:\PRO-SE\SJ.Rmw\HC.12\Owens017disparole.wpd

1  applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

2  B.   Petitioner's Claims

3       As grounds for federal habeas relief, petitioner alleges that the Board found petitioner unsuitable for parole based solely on the commitment offense, and ignored other relevant information. In essence, petitioner alleges that his right to due process was violated.

     This fails to state a federal constitutional claim. Despite petitioner's belief that he has a federal liberty interest in release, the Supreme Court has made clear that a prisoner's federal due process claim regarding a denial of parole is limited to whether he received the minimum procedures necessary under the federal constitution. Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011) (per curiam). Specifically, this court's inquiry is limited to whether petitioner was given an opportunity to be heard, and given a statement of reasons for the denial. Id. (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979). Petitioner's exhibits demonstrate that he was given those minimum protections. Thus, petitioner's allegations fail to state a cognizable claim for federal habeas relief. See id.

     To the extent petitioner claims that the denial of parole violated his right to equal protection, he fails to support his claim. Nonetheless, "[t]he Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To prevail on his equal protection claim, petitioner must show he is a member of a class that was denied a benefit available to other similarly situated individuals, and that such denial was not rationally related to legitimate state interests. See Mayner v. Callahan, 873 F.2d 1300, 1302 (9th Cir. 1989) (applying rational basis test to prisoner's claim of unequal application of parole consideration criteria). He has not done so. All inmates applying for parole are not similarly situated. See Houtz v. Deland, 718 F. Supp. 1497, 1501-02 (D. Utah 1989) (citing Sweazea v. Missouri Bd. of Probation & Parole, 742 F.2d 482, 483 (8th Cir. 1984) (per curiam)). Rather, parole decisions, by their very nature, require a parole board to look at the individual circumstances of each prisoner and his crimes. Id. at 1501. Under California law, the Board is

1  required to review the specific facts of each case and to make an individualized determination as
2  to whether a prisoner is suitable for parole.  See In re Lawrence, 44 Cal.4th 1181, 1221 (2008);
3  see also In re Dannenberg, 34 Cal.4th 1061, 1083-84 (2005) (holding determination whether
4  inmate poses current danger not dependent upon whether commitment offense was more or less
5  egregious than other similar crimes).  Here, it is clear from the record that the Board made an
6  individualized determination as to petitioner's suitability for parole, and did not deny parole by
7  comparing petitioner to other prisoners. Accordingly, the court finds petitioner has not stated an
8  equal protection claim, and this claim will be dismissed.

## CONCLUSION

This case is DISMISSED for failure to state a claim.  The clerk shall close the file and enter judgment in this matter.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue.  Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the Court of Appeal.

IT IS SO ORDERED.

DATED: _____

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.Rmw\HC.12\Owens017disparole.wpd      3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

STEVEN L. OWENS,

        Plaintiff,

  v.

RANDY GROUNDS et al,

        Defendant.

Case Number: CV12-02017 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 9, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Steven L. Owens D-23886
CTF-Soledad
P.O. Box 689
B.W.-242-Low
Soledad, CA 93960-0689

Dated: August 9, 2012

        Richard W. Wieking, Clerk
        By: Jackie Lynn Garcia, Deputy Clerk